# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

JEFF HENSON,

       PLAINTIFF,

v.                                   CASE NO.:

ORR MOTORS OF DESTIN, INC.,

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Jeff Henson, (hereinafter referred to as the "Plaintiff" or "Henson"), by and through his undersigned attorney, sues the Defendant, ORR Motors of Destin, Inc., (hereinafter referred to as the "Defendant" or "OMD"), and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action for disability discrimination, retaliation and hostile work environment under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; 29 USCS §§ 2611 et seq; the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.

## JURISDICTION AND VENUE

2.    The jurisdiction of the Court over this controversy is invoked pursuant

to 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.     Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

6.     Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

7.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

8.     Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On April 14, 2020, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202024813) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202000832). On February 5, 2021, more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3).  Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received after April 20, 2021.

## PARTIES

9.     Plaintiff is a 57 year old Caucasian male who resides in Freeport, Florida. He was employed by Defendant from September 2018, until his termination on July 29, 2020.

10.    Defendant, Orr Motors of Destin, Inc. is located in Destin, FL, United States and is part of the Automobile Dealers Industry. There are six (6) companies in the Orr Motors of Destin, Inc. corporate family which employs more than 20 employees at its Destin location and is an employer within the meaning of the ADA, ADAA, FCRA and ADEA.

## GENERAL FACTS

11.    Plaintiff is a 57 year old Caucasian male.

12.    Plaintiff was employed by Orr Motors of Destin, Inc., as a Service Manager at Porsche of Destin from September 2018, until his termination on July 29, 2020.

13.    Throughout Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in an exemplary manner.

14.    On multiple occasions, over the course of Plaintiff's employment with OMD, Plaintiff broke records for service, efficiency, and parts sales.

15.    Plaintiff was frequently mentioned as "diligent" and "energetic" by his customers, as well as upper management.

16.     One of Plaintiff's former manager said it best, Jeff is an excellent employee who works his ass off to keep customers happy and is a great guy.

17.     Plaintiff was recognized by Porsche for being in the top 3% in efficiency nationwide.

18.     Prior to Plaintiff's employment with Defendant, he had been diagnosed with Multifocal Motor Neuropathy.

19.     Multifocal motor neuropathy (MMN) causes damage to the nerves in the arms and legs and gets worse over time. One side of the body may be more affected than the other. Symptoms of MMN may include weakness in the hands and lower arms; cramping; involuntary contractions or twitching; wrist drop or foot drop and wasting of the affected muscles.

20.     Defendant maintains an Anti-Harassment Policy that prohibits discrimination and harassment, including conduct and comments based on a person's disability, and further prohibits retaliation against any employee based on age or disability.

21.     Plaintiff is a qualified individual with a disability, Plaintiff suffers from Multifocal Motor Neuropathy:

> (i)   he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
>
> (ii)   Plaintiff is under the treatment of a doctor for the care

and treatment of his physical disabilities.

    (iii)  he has a record of such impairment; and,

    (iv)  he was regarded (perceived or otherwise) by Defendant as having such impairments.

22.    Plaintiff's disabilities substantially affected the major life activities of lifting, moving and concentration.

23.    Once Defendant learned of Plaintiff's medical condition and age it discriminated and retaliated against him.

24.    In August of 2019, the owner of OMD, Greg Orr, learned about Plaintiff's disability and became upset because his self-insured business was paying for Plaintiff's expensive medical treatments.

25.    On August 9, 2019, Mr. Orr wrote an e-mail asserting his displeasure of Plaintiff's hiring stating, "I don't know when we hired [Plaintiff] he was older and had health issues.

26.    Mr. Orr then instructed his higher management to work to move him down the road and we need to work to bring in a professional hard working sharp person, let's get on this.

27.    Mr. Orr's instructions lead to the resignation of one of his managers, because he did not feel it was the right thing to do fire Plaintiff because of his health problems and age.

28.    Defendant thereafter then began to discriminate, retaliate, and harass

Plaintiff, with hope that he would quit.

29.    In April 2020, Corporate Human Resources Manager (Chris Franklin) notified Plaintiff that he would no longer be working as the Porsche Service Manager.

30.    Defendant then presented Plaintiff with a last chance agreement and demoted him from Porsche Service Manager to working at an Orr owned boat service location.

31.    On July 29, 2020, within three months of being demoted to the boat service location, Plaintiff's services were no longer needed and that his employment with Defendant was terminated.

32.    Any possible assertion that Plaintiff was terminated for performance, or any other reason, or that there was a viable business justification for his dismissal, is entirely *pretextual* for Defendant's blatant retaliation and discrimination against him because of his age and in violation of his substantive rights under the ADA, ADAA, FCRA and ADEA.

## FIRST CAUSE OF ACTION
*(DISABILITY - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

33.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 32 of this complaint with the same force and effect as if set forth herein.

34.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

35.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

36.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

37.       Prior to Plaintiff's employment with Defendant, he had been diagnosed with Multifocal Motor Neuropathy.

38.     Multifocal motor neuropathy (MMN) causes damage to the nerves in the arms and legs and gets worse over time. One side of the body may be more affected than the other. Symptoms of MMN may include weakness in the hands and lower arms; cramping; involuntary contractions or twitching; wrist drop or foot drop and wasting of the affected muscles.

39.     Defendant maintains an Anti-Harassment Policy that prohibits

discrimination and harassment, including conduct and comments based on a person's disability, and further prohibits retaliation against any employee based on age or disability.

40.    Plaintiff is a qualified individual with a disability, Plaintiff suffers from Multifocal Motor Neuropathy:

>    (i)   he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;

>    (ii)   Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.

>    (iii)  he has a record of such impairment; and,

>    (iv)  he was regarded (perceived or otherwise) by Defendant as having such impairments.

41.    Plaintiff's disabilities substantially affected the major life activities of lifting, moving and concentration.

42.    Once Defendant learned of Plaintiff's medical condition and age it discriminated and retaliated against him.

43.    In August of 2019, the owner of OMD, Greg Orr, learned about Plaintiff's disability and became upset because his self-insured business was paying for Plaintiff's expensive medical treatments.

44.    On August 9, 2019, Mr. Orr wrote an e-mail asserting his displeasure of Plaintiff's hiring stating, "I don't know when we hired [Plaintiff] he was older

and had health issues.

45.     Mr. Orr then instructed his higher management to work to move him down the road and we need to work to bring in a professional hard working sharp person, let's get on this.

46.     Mr. Orr's instructions lead to the resignation of one of his managers, because he did not feel it was the right thing to do fire Plaintiff because of his health problems and age.

47.     Defendant thereafter then began to discriminate, retaliate, and harass Plaintiff, with hope that he would quit.

48.     In April 2020, Corporate Human Resources Manager (Chris Franklin) notified Plaintiff that he would no longer be working as the Porsche Service Manager.

49.     Defendant then presented Plaintiff with a last chance agreement and demoted him from Porsche Service Manager to working at an Orr owned boat service location.

50.     On July 29, 2020, within three months of being demoted to the boat service location, Plaintiff's services were no longer needed and that his employment with Defendant was terminated.

51.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and

discrimination against him for engaging in a protective activity and for any actual or perceived disability.

52.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

53.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

54.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

55.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

56.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### SECOND CAUSE OF ACTION

*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

57.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 32 of this complaint with the same force and effect as if set forth herein.

58.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

59.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

60.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

61.     Prior to Plaintiff's employment with Defendant, he had been diagnosed with Multifocal Motor Neuropathy.

62.     Multifocal motor neuropathy (MMN) causes damage to the nerves in the arms and legs and gets worse over time. One side of the body may be more affected than the other. Symptoms of MMN may include weakness in the hands and lower arms; cramping; involuntary contractions or twitching; wrist drop or foot drop and wasting of the affected muscles.

63.     Defendant maintains an Anti-Harassment Policy that prohibits discrimination and harassment, including conduct and comments based on a person's disability, and further prohibits retaliation against any employee based on age or disability.

64.     Plaintiff is a qualified individual with a disability, Plaintiff suffers from Multifocal Motor Neuropathy:

> (i)   he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
>
> (ii)   Plaintiff is under the treatment of a doctor for the care

and treatment of his physical disabilities.

(iii)  he has a record of such impairment; and,

(iv)  he was regarded (perceived or otherwise) by Defendant as having such impairments.

65.    Plaintiff's disabilities substantially affected the major life activities of lifting, moving and concentration.

66.    Once Defendant learned of Plaintiff's medical condition it discriminated and retaliated against him.

67.    In August of 2019, the owner of OMD, Greg Orr, learned about Plaintiff's disability and became upset because his self-insured business was paying for Plaintiff's expensive medical treatments.

68.    On August 9, 2019, Mr. Orr wrote an e-mail asserting his displeasure of Plaintiff's hiring stating, "I don't know when we hired [Plaintiff] he was older and had health issues.

69.    Mr. Orr then instructed his higher management to work to move him down the road and we need to work to bring in a professional hard working sharp person, let's get on this.

70.    Mr. Orr's instructions lead to the resignation of one of his managers, because he did not feel it was the right thing to do fire Plaintiff because of his health problems and age.

71.    Defendant thereafter then began to discriminate, retaliate, and harass

Plaintiff, with hope that he would quit.

72.     In April 2020, Corporate Human Resources Manager (Chris Franklin) notified Plaintiff that he would no longer be working as the Porsche Service Manager.

73.     Defendant then presented Plaintiff with a last chance agreement and demoted him from Porsche Service Manager to working at an Orr owned boat service location.

74.     On July 29, 2020, within three months of being demoted to the boat service location, Plaintiff's services were no longer needed and that his employment with Defendant was terminated.

75.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

76.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

77.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

78.      As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

79.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

80.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### THIRD CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

81.      Plaintiff repeats and re-alleges each and every allegation

contained in paragraph 1 through 32 of this complaint with the same force and effect as if set forth herein.

82.      Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

83.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

84.      At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

85.      Prior to Plaintiff's employment with Defendant, he had been diagnosed with Multifocal Motor Neuropathy.

86.      Multifocal motor neuropathy (MMN) causes damage to the nerves in the arms and legs and gets worse over time. One side of the body may be more affected than the other. Symptoms of MMN may include weakness in the hands and lower arms; cramping; involuntary contractions or twitching; wrist drop or foot drop and wasting of the affected muscles.

87.      Defendant maintains an Anti-Harassment Policy that prohibits

discrimination and harassment, including conduct and comments based on a person's disability, and further prohibits retaliation against any employee based on age or disability.

88.    Plaintiff is a qualified individual with a disability, Plaintiff suffers from Multifocal Motor Neuropathy:

> (i)   he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
>
> (ii)   Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.
>
> (iii)  he has a record of such impairment; and,
>
> (iv)   he was regarded (perceived or otherwise) by Defendant as having such impairments.

89.    Plaintiff's disabilities substantially affected the major life activities of lifting, moving and concentration.

90.    Once Defendant learned of Plaintiff's medical condition and age it discriminated and retaliated against him.

91.    In August of 2019, the owner of OMD, Greg Orr, learned about Plaintiff's disability and became upset because his self-insured business was paying for Plaintiff's expensive medical treatments.

92.    On August 9, 2019, Mr. Orr wrote an e-mail asserting his displeasure of Plaintiff's hiring stating, "I don't know when we hired [Plaintiff] he was older

and had health issues.

93.     Mr. Orr then instructed his higher management to work to move him down the road and we need to work to bring in a professional hard working sharp person, let's get on this.

94.     Mr. Orr's instructions lead to the resignation of one of his managers, because he did not feel it was the right thing to do fire Plaintiff because of his health problems and age.

95.     Defendant thereafter then began to discriminate, retaliate, and harass Plaintiff, with hope that he would quit.

96.     In April 2020, Corporate Human Resources Manager (Chris Franklin) notified Plaintiff that he would no longer be working as the Porsche Service Manager.

97.     Defendant then presented Plaintiff with a last chance agreement and demoted him from Porsche Service Manager to working at an Orr owned boat service location.

98.     On July 29, 2020, within three months of being demoted to the boat service location, Plaintiff's services were no longer needed and that his employment with Defendant was terminated.

99.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and

discrimination against him for engaging in a protective activity and for any actual or perceived disability.

100.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

101.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

102.     As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

103.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

104.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs  pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FOURTH CAUSE OF ACTION
### *(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

105.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 32 of this complaint with the same force and effect as if set forth herein.

106.    This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

107.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

108.    At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

109.    Prior to Plaintiff's employment with Defendant, he had been diagnosed with Multifocal Motor Neuropathy.

110.    Multifocal motor neuropathy (MMN) causes damage to the nerves in

the arms and legs and gets worse over time. One side of the body may be more affected than the other. Symptoms of MMN may include weakness in the hands and lower arms; cramping; involuntary contractions or twitching; wrist drop or foot drop and wasting of the affected muscles.

111.   Defendant maintains an Anti-Harassment Policy that prohibits discrimination and harassment, including conduct and comments based on a person's disability, and further prohibits retaliation against any employee based on age or disability.

112.   Plaintiff is a qualified individual with a disability, Plaintiff suffers from Multifocal Motor Neuropathy:

> (i)   he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from mobility, bending, lifting and fatigue;
>
> (ii)   Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.
>
> (iii)  he has a record of such impairment; and,
>
> (iv)  he was regarded (perceived or otherwise) by Defendant as having such impairments.

113.   Plaintiff's disabilities substantially affected the major life activities of lifting, moving and concentration.

114.   Once Defendant learned of Plaintiff's medical condition and age it discriminated and retaliated against him.

115.   In August of 2019, the owner of OMD, Greg Orr, learned about Plaintiff's disability and became upset because his self-insured business was paying for Plaintiff's expensive medical treatments.

116.   On August 9, 2019, Mr. Orr wrote an e-mail asserting his displeasure of Plaintiff's hiring stating, "I don't know when we hired [Plaintiff] he was older and had health issues.

117.   Mr. Orr then instructed his higher management to work to move him down the road and we need to work to bring in a professional hard working sharp person, let's get on this.

118.   Mr. Orr's instructions lead to the resignation of one of his managers, because he did not feel it was the right thing to do fire Plaintiff because of his health problems and age.

119.   Defendant thereafter then began to discriminate, retaliate, and harass Plaintiff, with hope that he would quit.

120.   In April 2020, Corporate Human Resources Manager (Chris Franklin) notified Plaintiff that he would no longer be working as the Porsche Service Manager.

121.   Defendant then presented Plaintiff with a last chance agreement and demoted him from Porsche Service Manager to working at an Orr owned boat service location.

122.   On July 29, 2020, within three months of being demoted to the boat service location, Plaintiff's services were no longer needed and that his employment with Defendant was terminated.

123.   Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

124.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

125.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

126.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

127.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

128.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## *FIFTH CAUSE OF ACTION*
*(Age Discrimination in Employment Act ("ADEA" - Age Discrimination)*

129.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 32 of this complaint with the same force and effect as if set forth herein.

130.   Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq.,

131.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SIXTH CAUSE OF ACTION
### (Florida Civil Rights Act ("FCRA")- Age Discrimination)

132.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 32 of this complaint with the same force and effect as if set forth herein.

133.   Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of the Florida Civil Rights Act, (FCRA), Chapter 760, Florida Statues.

134.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)   Declaring the acts and practices complained of herein are violation of the, ADA, ADAA, FCRA and ADEA;

b)   Enjoining and permanently restraining those violations of the ADA, ADAA, FCRA and ADEA;

c)   Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment

opportunities;

d)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

e)      Awarding Plaintiff liquidated damages;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

h)      Granting such other and further relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: July 13, 2021.              By: */s/ Clayton M. Connors*
                                    CLAYTON M. CONNORS
                                    Florida Bar No.: 0095553
                                    Email: cmc@westconlaw.com
                                    THE LAW OFFICES OF
                                    CLAYTON M. CONNORS, LLC.
                                    4400 Bayou Blvd., Suite 32A
                                    Pensacola, Florida 32503
                                    Tel:  (850) 473-0401
                                    Fax: (850) 473-1388

Attorney for Plaintiff